# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| Robert Smith,<br><br>   Plaintiff,<br> v.<br><br>Alec, John Doe, and Gov. Ron DeSantis,<br><br>   Defendants. | Case No. 6:25-cv-05926-RMG<br><br>**ORDER** |

  Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge, recommending that Plaintiff's motion to proceed *in forma pauperis* (Dkt. Nos. 12, 14) be denied and that he be given 21 days to pay the filing fee or otherwise dismiss this action. (Dkt. No. 17). Plaintiff timely filed objections to the R&R, along with motions for an extension of time and for leave to amend his Complaint. (Dkt. Nos. 25, 27, 29). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motions to proceed *in forma pauperis*, for an extension of time, and for leave to amend the Complaint.

**I. Background**

  Plaintiff, an incarcerated person proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants denied him the right to vote and unlawfully incarcerated him in Florida and South Carolina. (Dkt. No. 1) Plaintiff seeks monetary damages, a declaratory judgment, and a cease-and-desist order. *Id*.

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

#### A. Objections

Plaintiff ostensibly articulates five objections to the R&R. (Dkt. No. 25). However, many of Plaintiff's arguments are unclear, disjointed, and difficult to follow.[1] Nonetheless, the Court identifies at least one discernible issue Plaintiff has with the R&R. Specifically, Plaintiff contends that the Magistrate Judge failed to construe the Complaint liberally, as required for *pro se* pleadings, and instead applied an unduly stringent standard regarding whether Plaintiff satisfied the imminent-danger exception to the three-strike rule under the Prison Litigation Reform Act. *Id*.

The Magistrate Judge found that Plaintiff had filed approximately six cases which were dismissed under grounds that qualified as a strike under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g),[2] as well as at least seven cases that were dismissed due to Plaintiff's failure to pay the filing fee because of his status as a three-strike prisoner. (Dkt. No. 17, at 3-4). Therefore, the Magistrate Judge concluded that Plaintiff could not proceed *in forma pauperis* unless he satisfied the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *Id*. at 4. As to whether Plaintiff satisfied the exception, the

---

[1] For instance, Plaintiff contends that the Magistrate Judge "[a]sserted a host of cases that's (colorablely) [sic] compiled with legal jargon. That is indicative of dark hidden things. For instance[], in 'his' – (i.e., magistrate's) personal justification for issuing a 'legal document' – (i.e., R&R), that is 'cloaked & daggered' behind assumed judicial duties." (Dkt. No. 25, at 3).
[2] 28 U.S.C. 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Magistrate Judge determined that Plaintiff failed to show "imminent danger of serious physical injury." *Id*. at 5. *See also* § 1915(g). The Magistrate Judge specifically found that the Complaint referenced only past misconduct unrelated to any imminent danger of serious physical injury, and contained vague, conclusory allegations of physical harm occurring at the time the case was filed. *Id*.

The Court finds that Plaintiff's contention that the Magistrate Judge applied an overly stringent construction is without merit. While *pro se* pleadings are entitled to liberal construction, it does not follow that courts "can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court." *Jefferies v. Muller*, No. 1:23-6919-JD-SVH, 2024 WL 1939244, at *1 (D.S.C. Feb. 1, 2024) (citation omitted). "[T]he United States Supreme Court has made it clear [that] a plaintiff must do more than make conclusory statements to state a claim." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, Plaintiff's Complaint vaguely alleges that Defendants kidnapped him in 2005 and that Defendants violated his rights to be free from "cruel and unusual punishment, proper medical care, . . . involuntary servitude, [and] physical abuse . . . ." (Dkt. No. 1, at 6, 9). Critically absent from the Complaint, however, are specific factual allegations that would satisfy the imminent-danger exception to the three-strike rule. Indeed, Plaintiff's Complaint offers only conclusory allegations about events that either occurred at the time the Complaint was filed or long before. *See Joseph v. Salley*, No. 3:20-3332-RMG, 2020 WL 6020826, at *1 (D.S.C. Oct. 12, 2020) (adopting the Magistrate Judge's R&R and denying the Plaintiff's motion to proceed *in forma pauperis*, finding that the plaintiff's complaint lacks "the requisite specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent physical injury and instead alleges past misconduct unrelated to any imminent danger

of serious physical injury") (citation and punctuation omitted)). Accordingly, because Plaintiff's Complaint fails to sufficiently allege facts showing that he was in imminent danger of serious physical injury when he filed this action, the Magistrate Judge correctly applied the liberal construction standard afforded to *pro se* pleadings.

As to the remainder of the R&R, to which Plaintiff does not appear to object to—particularly the finding that Plaintiff cannot proceed *in forma pauperis* due to having at least three cases deemed strikes under the PLRA—the Court finds that the Magistrate Judge thoroughly summarized the relevant factual and legal issues and correctly concluded that Plaintiff's motion to proceed *in forma pauperis* should be denied.

### B. Plaintiff's Motions

On October 6, 2025, Plaintiff filed two motions: one for an extension of time and another for leave to amend the Complaint. (Dkt. Nos. 27, 29). After examining the record and considering Plaintiff's prior litigation history the Court will deny both motions, as Plaintiff has not shown good cause for either request.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 17) as the Order of the Court, **DENIES** Plaintiff's motions to proceed *in forma pauperis* (Dkt. Nos. 12, 14), for an extension of time (Dkt. No. 27), and for leave to amend the Complaint (Dkt. No. 29). Plaintiff is **DIRECTED** that he may pay the filing fee within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 21, 2025
Charleston, South Carolina